1

2

3

4

5

6

7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   JOHNNY BEE MILTON,                    No. 2:15-CV-0537-CMK-P

12              Plaintiff,

13        vs.                              <u>ORDER</u>

14   F. FOULK,

15              Defendant.

16   _____/

17              Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 5).  Also before the

19   court is plaintiff's motion for appointment of counsel (Doc. 16).

20              The court is required to screen complaints brought by prisoners seeking relief

21   against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

22   § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

23   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

24   from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

25   the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

26   statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

1

1    This means that claims must be stated simply, concisely, and directly.  See <u>McHenry v. Renne</u>,

2    84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied

3    if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon

4    which it rests.  See <u>Kimes v. Stone</u>, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must

5    allege with at least some degree of particularity overt acts by specific defendants which support

6    the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

7    impossible for the court to conduct the screening required by law when the allegations are vague

8    and conclusory.

9          In this case, plaintiff complains of various problems with his criminal trial and

10   seeks release from prison.  When a state prisoner challenges the legality of his custody and the

11   relief he seeks is a determination that he is entitled to an earlier or immediate release, such a

12   challenge is not cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a

13   petition for a writ of habeas corpus.  See <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973); <u>see also</u>

14   <u>Neal v. Shimoda</u>, 131 F.3d 818, 824 (9th Cir. 1997); <u>Trimble v. City of Santa Rosa</u>, 49 F.3d 583,

15   586 (9th Cir. 1995) (per curiam).

16         Because it does not appear possible that the deficiencies identified herein can be

17   cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of

18   the entire action.  See <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

19   Plaintiff will be directed to show cause in writing, within 30 days of the date of this order, why

20   this action should not be dismissed for failure to state a claim.  Plaintiff is warned that failure to

21   respond to this order may result in dismissal of the action for the reasons outlined above, as well

22   as for failure to prosecute and comply with court rules and orders.  See Local Rule 110.

23         Finally, plaintiff seeks the appointment of counsel.  The United States Supreme

24   Court has ruled that district courts lack authority to require counsel to represent indigent

25   prisoners in § 1983 cases.  See <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989).

26   In certain exceptional circumstances, the court may request the voluntary assistance of counsel

1   pursuant to 28 U.S.C. § 1915(e)(1).  <u>See</u> <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991);

2   <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).   A finding of "exceptional

3   circumstances" requires an evaluation of both the likelihood of success on the merits and the

4   ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal

5   issues involved.  <u>See</u> <u>Terrell</u>, 935 F.2d at 1017.  Neither factor is dispositive and both must be

6   viewed together before reaching a decision.  <u>See</u> <u>id.</u>

7            In the present case, the court does not at this time find the required exceptional

8   circumstances.  For the reasons discussed above, plaintiff has no chance of success on the merits

9   of this action.  Given this, and given the lack of complexity of the legal issues involved, the court

10  cannot at this time say that exceptional circumstances exist.

11           Accordingly, IT IS HEREBY ORDERED that:

12           1.       Plaintiff's motion for appointment of counsel (Doc 16) is denied; and

13           2.       Plaintiff shall show cause in writing within 30 days of the date of this

14  order why this action should not be dismissed for failure to state a claim.

15

16   DATED:   February 23, 2016

17

18                                                   **CRAIG M. KELLISON**
                                                     UNITED STATES MAGISTRATE JUDGE
19

20

21

22

23

24

25

26